Luis HERNÁNDEZ, Plaintiff and Appellant, *v.* José R. QUIÑONES, Defendant and Appellee.

No. 3736. Argued November 2, 1925.—Decided November 9, 1925.

1. APPEAL—TRANSCRIPT.—When an appeal is taken from a judgment rendered on the pleadings the time for filing the transcript on appeal begins to run from the date on which the notice of appeal was filed in the lower court.
2. ID.—ID.—An appeal should be dismissed when the time for filing the transcript has expired and the transcript is filed after service of the motion to dismiss the appeal.
3. ID.—ID.—EXTENSION OF TIME—JURISDICTION.—The trial court has jurisdiction to grant extensions of time for preparing the transcript, but after it has been approved by the trial judge the jurisdiction to grant extensions for filing it in the Supreme Court rests in the latter court.
4. ID.—ID.—ID.—An extension of time granted by the trial court for preparing the statement of the case is ineffective when it is moved for and granted after the expiration of the time allowed by law.

Motion to dismiss by the appellee. *Sustained.*

*Bolívar Pagán* for the appellant. *Chas. Hartzell* and *Rafael Fernández* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On August 18, 1925, the appellee filed a motion and gave notice of it to the adverse party for the dismissal of the appeal taken on July 16, 1925, from the judgment rendered on the same day, on the ground that said judgment was rendered on the pleadings and the transcript had not been filed in the office of the secretary of this court within the period of thirty days. On the 27th of the same month the transcript was filed containing copies of the complaint, the demurrer, the ruling on the demurrer, the motion for judgment, the notice of judgment and the notice of appeal.

The hearing on the motion to dismiss was set for November 2nd and both parties appeared. The appellant opposed the motion, alleging that he was not bound to file the transcript within the period of thirty days from the date of filing the notice of the appeal because on July 28, 1925, the lower court granted him an extension of thirty days "to take up the said record" and he filed it within that extension of time.

[1] When the record for an appeal is perfected in the lower court the law allows thirty days for filing the transcript in the Supreme Court. Section 299 of the Code of Civil Procedure, as amended by the Act of June 26, 1919, Acts of 1919, p. 674, and Rule 40 of the Supreme Court, 17 P.R.R. LXXIII.

When is the record perfected? When there is a statement of the case or bill of exceptions, from the time when the said documents are approved and made a part of the judgment roll. When there are no such documents, that is, when all that is to be included in the transcript forms a part of the judgment roll at the time when the appeal is taken, the starting point for computing the period is the date on which the notice of appeal was filed. This has been held repeatedly by the Supreme Court.

[2] In the case under consideration it is evident that all of the necessary documents formed part of the judgment

roll when the appeal was taken. No statement of the case or bill of exceptions could be prepared. This being so, it must be concluded that when the motion to dismiss was served on the appellant and filed in the office of the secretary of this court the transcript had not been filed and the term of thirty days fixed by law had expired.

[3] Was said period extended? As we have stated, the appellant contends that the district court "granted him an extension of thirty days for taking up the record." The extension granted to the appellant by the district court was on July 29, 1925, in the following terms:

"The court grants the plaintiff an extension of 30 days for filing the statement of the case for the purpose of the appeal."

The action of the trial court has not, therefore, the extent attributed to it by the appellant. The court granted thirty days for the preparation in that court of the statement of the case, but it did not grant any extension of time for bringing up the record to this court. If it had granted the extension, it would have been ineffectual for the reason that only the Supreme Court has jurisdiction to grant such extensions.

[4] Clearly, if this had been a case wherein a statement of the case could have been prepared, the period of thirty days for bringing up the transcript would have remained virtually suspended, inasmuch as it would not have begun to run until the statement had been filed. But we have already said that this is not a case in which a statement of the case had to be prepared. The extension granted was fruitless.

Besides it would result, as the appellee contends, that the motion for extension of July 28th was made after the ten days fixed by the first paragraph of section 299 of the Code of Civil Procedure, as amended in 1919 (p. 674), had expired; therefore, it could not be considered, according also to the repeated jurisprudence of this court.

Everything is unfavorable to the appellant. Not even is Rule 58 of this court applicable in his favor, for although when the motion was heard the transcript had been filed, it was not filed before the motion to dismiss was served on him.

The appeal should be dismissed.

Mr. Justice Wolf took no part in the decision of this case.